# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CARL WAGNER,**

      **Plaintiff,**

**v.**              **Case No. 04-C-1034**

**WASHINGTON COUNTY SHERIFF'S
DEPARTMENT, COUNTY MUTUAL
INSURANCE AEGIS CORPORATION,
CHRISTOPHER S. KILLEY,
BRIAN A. HERBST, and
JEFFREY AND PATRICIA A. METZGER,**

      **Defendants.**

---

## DECISION AND ORDER

---

  The Plaintiff, Carl Wagner ("Wagner"), brings this 42 U.S.C. § 1983 action against the Defendants, alleging that he was unconstitutionally arrested without probable cause. Washington County Sheriff's Department ("Sheriff's Department"), County Mutual Insurance Aegis Corporation ("County Mutual"), Christopher S. Killey ("Killey"), and Brian A. Herbst ("Herbst") filed a motion for summary judgment. Jeffrey and Patricia A. Metzger (the "Metzgers") filed a separate motion for summary judgment. Their motions are now pending before this Court.

1

**BACKGROUND**

On October 14, 2003, the Metzgers each obtained essentially identical harassment injunctions against Wagner. (Killey Aff. ¶ 3, Exs. A & B.) Both injunctions prohibited Wagner from being on "any premises temporarily occupied by the [Metzgers]." (*Id.*) The injunction indicated that it was effective until October 8, 2005. (*Id.*)

About one month later, on November 13, 2003, the Metzgers went to the West Bend Town Hall ("Town Hall"), where they saw Wagner present there as well. (The Metzgers' Proposed Findings of Fact (MPFOF) ¶ 4.) Upon observing Wagner, the Metzgers called the Sheriff's Department. (*Id.* at ¶ 6.) The dispatcher for the Sheriff's Department instructed Deputy Sheriffs Killey and Herbst to go to the Town Hall in response to the Metzgers' call. (Sheriff Department's Proposed Findings of Fact (SPFOF) ¶ 2).

When Killey and Herbst arrived at the Town Hall, Killey spoke with Patricia Metzger, who was accompanied by her husband, Jeffrey Metzger. (*Id.* at ¶ 3.) Patricia Metzger showed Killey a copy of the harassment injunction and told Killey she wanted the injunction enforced. (*Id.* at ¶ 6.)

After Killey approached Wagner about the injunction, Wagner admitted that he was the respondent in the injunction. (*Id.* at ¶ 7.) Killey then asked Wagner to leave, but Wagner refused. (*Id.* at ¶ 8.) After Wagner refused, Killey read the injunction again, concluded that Wagner was violating the injunction, and called his commanding officer, Lieutenant Martin about the matter. (*Id.* at ¶ 9.) Lieutenant Martin concurred with Killey that Wagner was

2

violating the injunction. (*Id.* at ¶ 10.) Killey and Herbst then arrested Wagner, brought him to the Sheriff's Department, and then shortly thereafter released him. (*Id.* at ¶ 11.)

On October 21, 2004, Wagner filed a complaint in this Court, raising federal and state causes of action. Wagner claimed that the Metzgers conspired with the Sheriff's Department, Killey, and Herbst to arrest him without probable cause. Wagner also claimed that the Defendants are liable for false imprisonment, defamation, invasion of privacy, and negligent and intentional infliction of emotional distress. Wagner failed to respond to the Metzgers' motion for summary judgment to dismiss the federal claims.

## STANDARD OF REVIEW

A court will grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A "material fact" is one which, under the relevant substantive law, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact exists if a reasonable juror could find that the evidence supports a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. When considering the movant's case, the Court should take all inferences in the light most favorable to the nonmoving party.

3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hall v. Bennett*, 379 F.3d 462, 465 (7th Cir. 2004).  If the movant meets his burden (by showing an absence of a genuine issue of material fact), the nonmovant may not rest on the pleadings. Instead, the nonmovant must come forward with evidence that there is a genuine issue for trial that would support a reasonable jury verdict on every issue for which he bears the burden of proof at trial.  Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *Celotex Corp.*, 477 U.S. at 322-24. If the nonmoving party bears the burden of proof on a matter at trial, and he is unable "to establish the existence of an element essential to [his] case," summary judgment is appropriate.  *Celotex*, 477 U.S. at 322-23.

## DISCUSSION

Section 1983 of Title 42 authorizes a federal cause of action against any person who, acting under color of state law, deprives another of rights secured by federal law or the United States Constitution.  Wagner claims that the Sheriff's Department, Killey, and Herbst arrested him without probable cause, in violation of the Fourth Amendment.  He also alleges that the Metzgers conspired with Killey and Herbst to unlawfully arrest him.

The Sheriff's Department, Killey and Herbst raise the defense of qualified immunity. Qualified immunity shields law enforcement officers from § 1983 liability "if *either* the federal law [they are] asserted to have breached was not clearly established at the time of the alleged violation or there exists no dispute of material fact which would prevent a finding

4

that [the officer's] actions, with respect to following such clearly established law, were objectively reasonable." *Tangwall v. Stuckey*, 135 F.3d 510, 515 (7th Cir. 1998) (emphasis in original). In unlawful arrest actions, courts determine if the officers actually had probable cause, or if there was no probable cause, whether a reasonable officer could have mistakenly believed that probable cause existed. *See Edwards v. Cabrerra*, 58 F.3d 290, 293 (7th Cir. 1995). Probable cause for an arrest exists if, "at the time of the arrest, the facts and circumstances within the police officer's knowledge were sufficient to warrant a reasonable belief that the suspects had committed, were committing, or were about to commit a crime." *Wollin v. Gondert*, 192 F.3d 616, 622 (7th Cir. 1999).

Killey and Herbst not only had probable cause to arrest Wagner, they were required by Wisconsin law to do so. Section 813.125(6) of the Wisconsin Statutes provides:

> A law enforcement officer *shall* arrest and take a person [named as the respondent in a harassment injunction] into custody if all of the following occur:
> (a) A person [named as the petitioner in a harassment injunction] presents the law enforcement officer with a copy of [the harassment injunction] or the law enforcement officer determines that such an order exists through communication with appropriate authorities.
> (b) The law enforcement officer has probable cause to believe that the person [named as the respondent] has violated the [harassment injunction].

The Metzgers, who were the petitioners in the harassment injunction, presented the injunction to the officers, which stated that Wagner was prohibited from being on "any premises temporarily occupied" by the Metzgers. (Killey Aff. ¶ 3, Exs. A & B.) Wagner was at the Town Hall, which was on the premises which were "temporarily occupied" by the

5

Metzgers. Wagner acknowledged that he was the named respondent in the injunction, and he refused to leave when Killey requested that he do so. Faced with such a situation, Killey and Herbst had probable cause to arrest Wagner. Accordingly, Wagner was not unlawfully arrested.

Because Killey and Herbst had probable cause to arrest Wagner, Wagner's § 1983 claim against Killey, Herbst, the Sheriff's Department and County Mutual must be dismissed. Furthermore, because Wagner's Fourth Amendment right was not violated, he cannot establish an essential element of his conspiracy claim against the Metzgers. *See Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Thus, the conspiracy claim against the Metzgers likewise must be dismissed.

By granting the Defendants' motions for summary judgment, all that remains of Wagner's complaint is his state law claims. "[W]hen all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolv[e] them on the merits." *Wright v. Assoc. Ins. Companies., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Accordingly, the Court will dismiss this case because the Court lacks jurisdiction over the remaining state law claims.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Sheriff's Department, Killey, Herbst, and County Mutual's Motion for Summary Judgment (Docket No. 13) is **GRANTED**.

The Metzgers' Motion for Summary Judgment (Docket No. 27) is **GRANTED**.

The clerk is directed to enter judgment and close the case accordingly.

Dated at Milwaukee, Wisconsin this 13th day of March, 2006.

> **BY THE COURT**
>
> s/ Rudolph T. Randa
> **Hon. Rudolph T. Randa**
> **Chief Judge**

7

Case 2:04-cv-01034-RTR    Filed 03/13/06    Page 7 of 7    Document 31